**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43300 |
| In re<br><br>VODKA TAXI LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43320 |
| In re<br><br>PUDDING TAXI INC.,<br><br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43318 |
| In re<br><br>CHOPARD TAXI INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43306 |
| In re<br><br>ICEBERG TAXI INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43311 |
| In re<br><br>MILKYWAY CAB CORP.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15-43314 |

| | |
|---|---|
| In re<br><br>    VSOP TAXI INC.,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43321 |
| In re<br><br>    CUPCAKE TAXI LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43307 |
| In re<br><br>    DORIT TRANSIT INC.,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43308 |
| In re<br><br>    HENNESSEY TAXI INC.,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43310 |
| In re<br><br>    CANDY APPLE TAXI LLC,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43304 |
| In re<br><br>    STOLI TAXI INC.,<br><br>              Debtor. | Chapter 11<br><br>Case No. 15-43319 |

| | |
|---|---|
| In re<br><br>POINTER TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43317 |
| In re<br><br>PALERMO TAXI, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43315 |
| In re<br><br>MARSEILLE TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43312 |
| In re<br><br>BOMBSHELL TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43301 |
| In re<br><br>MERLOT TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43313 |
| In re<br><br>FRANCE TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15-43309 |

| | |
|---|---|
| In re<br><br>BOURBON TAXI LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 15-43302 |
| In re<br><br>CHIANTI TAXI LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 15-43305 |
| In re<br><br>PINOT NOIR TAXI LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 15-43316 |
| In re<br><br>BUTTERFLY TAXI LLC,<br><br>       Debtor. | Chapter 11<br><br>Case No. 15-43303 |

**AFFIDAVIT OF EVGENY FREIDMAN, MANAGING MEMBER OR
DESIGNATED OFFICER FOR EACH OF THE DEBTORS, PURSUANT TO
<u>LOCAL BANKRUPTCY RULE 1007-4</u>**

STATE OF NEW YORK   )
                       ) ss:
COUNTY OF NEW YORK  )

      Evgeny Freidman, being duly sworn, deposes and states, as follows:

      1.      I am the sole and Managing Member of the limited liability corporate debtors and

debtors in possession or president and sole shareholder of the corporate debtors and debtors in

possession set forth above, (collectively referred to as the "<u>Debtors</u>" and individually, a

"Debtor")[1], each of which has filed a voluntary Chapter 11 petition on July 22, 2015 (the

"Petition Date").

2.      I submit this affidavit (the "Affidavit") in accordance with Local Bankruptcy Rule

("L.B.R.") 1007-4, on behalf of the Debtors in connection with its voluntary Chapter 11 petitions

(the "Petition(s)") filed contemporaneously or nearly contemporaneously herewith.

3.      There is no other or prior bankruptcy cases filed by or against the Debtors.  No

committee of unsecured creditors was organized prior to the order for relief in the Debtors'

Chapter 11 cases.

4.      A copy of the board or member resolutions authorizing the Chapter 11 filings is

attached to each of the Petitions and incorporated by reference herein.  Unless otherwise

indicated, all financial information contained herein is presented on an estimated and unaudited

basis.

## I.      The Debtors' Business Operations and Assets

5.      Each of the Debtors is either a limited liability company or a corporation

organized under the laws of the State of New York.  The Debtors maintain an office at 330

Butler Street, Brooklyn, New York 11217 and the Debtors' Medallions and Taxi Vehicles (as

defined below) are maintained or utilized at this location.  The Debtors each own either two or

three medallions ("Medallions") issued by the New York City Taxi and Limousine Commission

("TLC") that permit taxi services to be performed by the Debtors.  The Debtors also own each of

the vehicles which are operated with the permission granted through their respective Medallions

(the "Taxi Vehicles").  The Debtors' primary assets are the forty-six (46) Medallions and the

---

[1] Capitalized terms used, but not immediately defined, shall have the meanings ascribed to such terms elsewhere or later in this Affidavit

associated Taxi Vehicles, as well as loan receivables due the Debtors by certain insiders and affiliates as set forth on the Debtors' tax returns.

6.      There is no property of the Debtors in the custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors or agents of such person. A Pre-Judgment Seizure Order (as defined below) with respect to the Debtors' Medallions was entered in favor of Citibank, N.A. ("Citibank").  However, the Debtors sought appellate review and relief from the Pre-Judgment Seizure Order from the New York Supreme Court, Appellate Division, First Department.  The Appellate Court granted stay relief pursuant to an expedited appeal of the Pre-Judgment Seizure Order and the posting of a bond and the early perfection of the appeal. However, the Debtors filed the instant Petitions prior to perfecting the appeal.  As of the Petition Date, the Medallions remain in the possession and control of the Debtors and the Appellate Court has not heard the appeal of the Pre-Judgment Seizure Order.

7.      The operation of the Debtors' Medallions and related Taxi Vehicles is done through the following four non-debtor management companies (collectively, the "Management Companies"): (i) 28th Street Management, Inc. - 313 10th Avenue, New York, NY 10001 ("28th Street"), (ii) Downtown Taxi Management, LLC – 330 Butler Avenue, Brooklyn, NY, ("Downtown"), (iii) Woodside Management, Inc. ("Woodside") - 49-13 Roosevelt Avenue, Woodside NY, 11377, and Tunnel Taxi Management, LLC ("Tunnel") - 44-07 Vernon Blvd, LIC, NY 11101. The Management Companies lease the Medallions and the related Taxi Vehicles directly from the respective Debtor and operate them.  The Management Companies' monthly base lease obligation to each of the Debtors is equal to the monthly debt service to Citibank.  The Management Companies receive the gross revenues from the operation of the Taxis Vehicles, and pay therefrom the expenses associated with the operation of such Taxi

3

Vehicles, including insurance coverage, vehicle maintenance and repairs.  They also make debt service on the Loans with Citibank, as well as on any Vehicle loans, on behalf of the Debtors. The following Management Companies lease the following Medallions from the following Debtors:

     a.  <u>Downtown</u>

| | | |
|---|---|---|
| Hypnotic Taxi | _ | Medallions 3P43, 3P44 |
| Milkyway Cab Corp | - | Medallions 7P37, 7P38, 7P39 |
| Iceberg Taxi | - | Medallions 2L29, 2L30 |
| Candy Apple Taxi | - | Medallions 6V13, 6V14 |
| Vodka Taxi | - | Medallions 9V40, 9V41 |
| Chianti Taxi | - | Medallions 2L45, 2L46 |
| Cupcake Taxi | - | Medallions 6V11, 6V12 |
| Butterfly Taxi | - | Medallions 9K36, 9K37 |

     b.  <u>Tunnel</u>

| | | |
|---|---|---|
| Pudding Taxi | - | Medallions 6V25, 6V26 |

     c.  <u>28th Street</u>

| | | |
|---|---|---|
| VSOP Taxi | - | Medallions 2V82, 2V83 |
| Dorit Transit | - | Medallions 9L48, 9L49 |
| Pointer Taxi | - | Medallions 9L48, 9L49 |
| Chopard Taxi | - | Medallions 7P48, 7P49, 7P50 |

     d.  <u>Woodside</u>

| | | |
|---|---|---|
| Stoli Taxi | - | Medallions 2V44, 2V45 |
| Palermo Taxi | - | Medallions 4N74, 4N75 |
| Marseille Taxi | - | Medallions 9V90, 9V91 |
| Bombshell Taxi | - | Medallions 9J91, 9J92 |
| Pinot Noir Taxi | - | Medallions 6G58, 6G60 |
| Merlot Taxi | - | Medallions 2P21, 2P22 |
| Bourbon Taxi | - | Medallions 2J62, 2J63 |
| France Taxi | - | Medallions 9V96, 9V97 |
| Hennessey Taxi | - | Medallions 2V84, 2V85 |

8.    Prior to the commencement of these Chapter 11 cases, each of the Debtors did not maintain its own bank account.  The Debtors did not have cash receipts and all disbursements on

4

behalf of each of the Debtors were made by the Management Companies.  It should be noted that such Management Companies also managed the cash receipts and disbursements of other non-debtor companies which own and lease taxi medallions.

9.      I am either the sole member with a 100% membership interest or the President and 100% stockholder of each of the Debtors.  I do not receive any payroll, salary or direct compensation from the Debtors.  The Debtors do not have any other officers or employees, other than the CRO; therefore, the Debtors will not have any post-petition payroll and/or distribution obligations, other than for payment of allowed administrative expenses of the estate (including, without limitation, allowed fees and costs of professionals retained in this case with Court approval, the recently engaged CRO's compensation, and United States Trustee fees).

10.     I am the person generally responsible for and familiar with the Debtor's day-to-day business operations, books and records, business affairs and general financial condition. The books and records of the Debtors are maintained at 313 10th Avenue, New York, New York and are in the custody of Andreea Dumitru.

11.     I have reviewed the Petitions and all documents filed in connection therewith and I am familiar with the facts alleged and relief requested therein.  Except as indicated, all facts set forth in this Affidavit are based upon: (i) personal knowledge; (ii) information supplied to me by others within the Management Companies who have financial dealings and lease obligations with the Debtors and professionals retained to provide advice for those affairs; (iii) my review of relevant documents; and (iv) my opinion based upon my experience and knowledge with respect to the Debtors' operations and financial condition.

12.     Prior to the Petition date, the Debtors retained Joshua Rizak of The Rising Group Consulting, Inc. to perform the functions and hold the title of the Chief Restructuring Officer of

the Debtors (the "CRO").  It is contemplated that the CRO will take over as the day-to-day manager of the Debtors, will be responsible for managing the Debtors as debtors in possession in these bankruptcy cases, monitoring and enforcing any relationship between the Debtors and Management Companies, assisting in the formulation, preparation and consummation of a plan of reorganization, and performing such other duties customary to a chief restructuring officer.

13.    The Debtors do not have any publicly held shares, debentures, or other securities.

## II.    History of the Debtors Loans with Citibank

14.    By way of background, in or around September or October 2011, Citibank promoted a unique and customized cash management solution that was specifically created to solve issues the Management Companies were having at the time with fraudulent checks from third parties and to streamline the operation of the Management Companies and the Medallion holders, including the Debtors.  Citibank required that the Management Companies transfer their banking business to Citibank before it would agree to issue any loans, which the Management Companies did.

15.    Affiant made Citibank specifically aware that he was looking for a single banking institution to hold the loans to the Debtors and to manage the banking of the Management Companies.

16.    Until last year, there was a large and varied market for financing taxi medallions.[2] Much of the financial media and advisors noted that there was nothing safer than NY City taxi medallions and that "medallion investments have outpaced gold for years"[3]  At that time, most

---

[2] Bloomberg Business, "Taxi Licenses as 'Cash Cows' Bolster Medallion Financial Shares" (November 7, 2011).

[3] Wall Street Journal, "Golden Investment on the Streets of New York: Taxi Medallion Value Outpaces Gold and the Down Jones Industrial Average" (November 22, 2013).

medallion business owners went to either small business banks and credit unions or to other banks that had large medallion portfolios.  The Debtors and Management Companies went to Citibank because they were part of a very large collection of medallions, and accordingly, Citibank offered cash management solutions and competitive rates.  Moreover, the underwriting requirements to obtain a loan were reasonable.

17.    In or around spring/summer 2014, the Debtors and Management Companies began experiencing major issues with respect to how Citibank managed the accounts.

18.    The Debtors suffered severe and unjustified damages due to Citibank's mismanagement of the accounts, including, but not limited to:

> a.    Debtors' inability to secure refinancing for outstanding loan obligations in advance of maturity as a result of improperly bounced checks made payable to other lenders;
>
> b.    The improper collection by Citibank of hundreds of thousands of dollars in bank fees on account of Citibank's wrongful actions;
>
> c.    Loss of hundreds of taxi drivers as a result of improperly bounced checks, which led to negative cash flow implications; and
>
> d.    The investigation by governmental entities of payments to taxi drivers as a result of Citibank's improper bouncing of checks.

19.    On or around May 8, 2014, Citibank sent the Debtors and Affiant a letter providing notification that it would be terminating the cash management accounts effective May 23, 2014 (the "Termination Letter").  The Termination Letter did not provide a justification for Citibank's actions and Debtors are unaware of the reasoning behind this termination.

20.    On or about November 6, 2014, Citibank sent the Debtors and Affiant a letter advising that Citibank would be terminating the entire banking relationship between Debtors, Affiant and Citibank (the "Banking Termination Letter") effective December 15, 2014.

7

21.    The Banking Termination Letter provided Debtors with only five weeks to find a new banking institution.  This created a state of chaos for the Debtors and the Management Companies.

22.    The Debtors do not yet know or understand what caused or led to Citibank's precipitous termination of its relationship with the Debtors and Management Companies, but it is believed to be, among other things, UBER Technologies Inc.'s ("Uber") entry into the taxi market.

23.    It appears that Citibank and other lenders were concerned about the effect that Uber and other nontraditional ridesharing companies would have on the traditional medallion based taxi business model.  In the Debtors' view, this concern was misplaced as Uber only has approximately four (4%) percent of the market in New York City.  Nevertheless, since the entry of Uber (and similar services) in the marketplace and the publicity they have received, the liquidity in the medallion market has been adversely affected in the immediate term.

24.    While the lending market for medallion holders has tightened significantly, Uber has obtained a credit line of $2 billion.  The Debtors are unfortunately bearing the negative effect of a market misconception.

25.    The Debtors are confident that the market will rebound and correct and that the Medallions will continue to hold their historic value.  However, it is imperative that Citibank not be permitted to force a precipitous sell-off of the Medallions to the detriment of the Debtors, their creditors and the industry as a whole.  The Debtors require some breathing room from Citibank and its unexplained aggression so that it can formulate and propose a plan that makes sense for all the Debtors' stakeholders, the hundreds of men and women that make a living using

the Debtors' Medallions and Taxi Vehicles, and the industry as a whole that is threatened by the actions of one lender.

### III.    Circumstances Leading to the Filing of the Debtors' Chapter 11 Case

26.    There are several causes for the filing of these chapter 11 cases, but chief among them is Citibank's unreasonable efforts to obtain the Pre-Judgment Seizure Order.  Entry of the Pre-Judgment Seizure Order by itself threatened to destroy the Debtors' business and associated value of the Medallions if sold precipitously in a down market.

27.    While declaring a default and instituting a seizure of collateral does not seem out of the ordinary, in this case, Citibank's actions appear to be generated by its desire to finance a competitor of the Debtors and were not driven by any financial concerns as specifically related to the Loans (as defined below).

28.    In fact, according to media reports, Citibank is currently providing some amount of financing to and is currently in the process of negotiating with Uber to fund a $2 billion credit line.[4]  Such involvement will generate significant fees for Citibank.  It is suspected that Citibank's strong desire to develop a relationship with Uber is a key motivator in its decision to pursue unreasonable positions against the Debtors.[5]  It is not a secret that Uber is in a media war with the taxi industry.[6]

---

[4] Wall Street Journal, "Uber Finalizing $2 Billion Line of Credit" (June 19, 2015).

[5] Further evidence of Citibank's desire to woo Uber and obtain its business, is an announcement by Citibank that its employees will have the ability to use Uber's services for any business-related travel under Citi's Corporate Travel & Expense Policy: "Citi employees will have the ability to use Uber's services for any business-related travel under Citi's Corporate Travel & Expense Policy. As a global company, it is critical that our employees have access to the most reliable and efficient travel options wherever we operate. Citi is pleased that our employees will benefit from the convenience and flexibility of Uber's services when traveling for business. Uber Press Release, "Citi Rides with Uber!" (December 2, 2014).

[6] Recent emails sent by Uber to all registered Uber users in New York City state that "Mayor de Blasio is pushing a bill for his donors in the taxi industry that would cap Uber and leave riders like you stranded.  Watch our new TV ad

9

29.     Despite these disputes and Citibank's bad behavior, the Debtors and the non-Debtor obligors have not run from their financial obligations.  Loan payments were current prior to the December 1, 2014 Banking Termination Letter.  And, Debtors, and other obligors, have made over $2 million in payments to Citibank after receiving the December 1, 2014 Banking Termination Letter through June, 2015.  At the same time, Citibank has spurned any attempts to reinstate or extend the Citibank Loans, as well as attempts by unrelated third parties to buy the Loans.

30.     Following significant litigation pursued by Citibank before the State Court, the State Court has ordered that Citibank may seize the Medallions unless the Debtors post a $50 million bond (approximately $16 million in excess of the $34 million disputed amount claimed by Citibank to be owed), disregarding the Debtors' strong financing prospects and ignoring the devastating consequences the Pre-Judgment Seizure Order would have on the Debtors' businesses and the catastrophic effect the precedent would have across New York City's taxi industry.  Upon its receipt of the Medallions, Citibank would, no doubt, attempt to liquidate them precipitously at "auction" or for "fire-sale" prices.  The impact of the fire sale liquidation of so many medallions would likely cause a massive devaluation of all NY City medallions, resulting in more defaults by other taxi operators and perhaps cause a collapse of the entire industry.  The only beneficiary of such a devastating result would be Uber and the institutions it does business with.

31.     The inoperability of the Medallions would not only result in an immediate shut down of the Debtors and the operation of the taxis pursuant to those Medallions, including the

---

showing the disastrous impact this bill will have on New York Riders – especially those in communities outside of Manhattan."

immediate unemployment of the hundreds of drivers authorized to operate under those Medallions, but also its effect on the taxi industry could result in the unemployment of upwards of 50,000+ taxi drivers and employees and the failure of the industry as a whole.

32.    Accordingly, the Debtors were left with no other recourse but to seek the relief of this Court so that they could have the much needed breathing room and flexibility to pursue a reorganization that would be in the best interests of all of its creditors and stakeholders.

### A.    The Citibank Loans and Litigation

33.    Each of the Debtors became obligated to Citibank with respect to a separate loan made by Citibank to each of the Debtors on or about the date set forth below (collectively, the "Loans" and individually a "Loan").  Each of the Debtors executed its own separate and distinct promissory note in the principal amount set forth below (collectively, the "Notes" and individually a "Note").  To secure each Loan, each of the Debtors entered into its own separate and distinct security agreement (collectively, the "Security Agreements" and individually, the "Security Agreement") in which each of the Debtors pledged its own Medallions and substitutions for, additions to, proceeds and products thereof, etc. (collectively, the "Collateral") to secure each Debtor's own obligations under its single Loan.  Each Debtor's Loan is not "cross collateralized" by Medallions owned by other Debtors.  In fact, none of Loans are "cross collateralized" by the Medallions owned by other Debtors.  Pursuant to each Security Agreement, each separate Loan is secured only by the Medallions owned by the specific Debtor (borrower) on that Loan.  Pursuant to each of the Notes, each of the Debtors was required to make monthly payments in the amount set forth below (the "Loan Payment"), which included a payment towards the principal amount and interest.  The maturity date ("Maturity Date") of each

of the Loans is set forth below.   The relevant details with respect to the Loans referred to hereinabove are as follows:

| DEBTOR | DATE | PRINCIPAL | MONTHLY PAYMENT | MATURES | CLAIM* |
|---|---|---|---|---|---|
| Merlot Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,269,439 |
| France Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,270,232 |
| Bourbon Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,269,857 |
| Chianti Taxi, LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,261,529 |
| Pinot Noir Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,262,305 |
| Butterfly Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,261,413 |
| Vodka Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,261,413 |
| Hypnotic Taxi LLC | 1/31/12 | 1,250,000 | $6,361.71 | 1/31/15 | 1,261,783 |
| Chopard Taxi Inc. | 12/20/12 | 2,100,000 | $10,685.69 | 12/20/15 | 2,201,184 |
| Iceberg Taxi, Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,459,906 |
| Milkyway Cab Corp. | 12/20/12 | 2,100,000 | $10,685.69 | 12/20/15 | 2,201,170 |
| Pudding Taxi Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,459,990 |
| VSOP Taxi Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,459,888 |
| Cupcake Taxi LLC | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,290 |
| Dorit Transit Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,459,881 |
| Hennessey Taxi Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,258 |
| Candy Apple Taxi LLC | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,284 |
| Stoli Taxi Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,258 |

| | | | | | |
|---|---|---|---|---|---|
| Pointer Taxi LLC | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,463,674 |
| Palermo Taxi, Inc. | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,252 |
| Marseille Taxi LLC | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,247 |
| Bombshell Taxi LLC | 12/20/12 | 1,400,000 | $7,123.80 | 12/20/15 | 1,467,256 |
| **Total** | | | | | **$32,094,509** |

* Approximate amount claimed by Citibank as of 5/29/15. Citibank asserts an aggregate per diem on these Loans of approximately $19,316.  Debtors do not admit to the validity of or the amount of the alleged claims by Citibank, dispute the validity of same and reserve all rights with respect to same.

34.     As further security for the Loans, Affiant signed a personal guaranty (the "Guaranty", together with the Notes, Security Agreements, and UCC-1 financing statements are collectively referred to as the "Loan Documents").  The Debtors, jointly and severally, as well as the other parties to the Loan Documents, do not admit the validity, perfection, priority and/or enforceability of the Loan Documents and Citibank's claims pursuant thereto, and dispute the validity of same and reserve all rights with respect thereto.

35.     In addition to the Loans set forth above, each of the Debtors jointly and severally guaranteed payment of a certain $1.5 million loan (the "$1.5 Million Loan") Citibank provided to non-debtor affiliated management company, Taxi Club Management LLC ("Taxi Club"), pursuant to a Revolving Credit Note (the "$1.5 Million Note") executed by Taxi Club which was amended and restated on July 3, 2014.  As security for the $1.5 Million Loan, Citibank required collateral consisting of the assets of Taxi Club as well as the assets of each of the Debtors.  Affiant also personally guaranteed the $1.5 Million Loan.    Even with the addition of the obligations under the $1.5 Million Note, Citibank is still substantially over-secured in its claims against the Debtors.  The amount claimed due by Citibank as on the $1.5 Million Loan, as of

May 29, 2015, is approximately $1,637,939. Debtors do not admit the validity, perfection, priority and/or enforceability of the $1.5 Million Note and other loan documents executed in connection with the $1.5 Million Loan and Citibank's claims pursuant thereto, and dispute the validity of same and reserve all rights with respect thereto.

36.    Even after Citibank issued the Banking Termination Letter and commenced litigation, Citibank has accepted and received approximately $2 million from the Debtors consisting of the monthly Loan payments from the Debtors through June, 2015, as well as a payoff of Citibank's Taxi Vehicle loans.

37.    According to the expert analysis and opinion of Matthew W. Daus, set forth in detail in his Affirmation dated June 29, 2015 ("Daus Affirmation") filed in the Citibank litigation, the Medallions have a present value of $950,000 each. Among Mr. Daus' impressive credentials as an expert in this industry (as fully set forth in the Daus Affirmation), is the fact that Mr. Daus served as the Commissioner and Chair of the TLC for almost a decade. Accordingly, the 46 Medallions have an estimated aggregate value of approximately $43,700,000.

38.    Citibank asserts, but Debtors dispute, that as of July 15, 2015, its total claim on the Loans and the $1.5 Million Loan is approximately $34 million (which includes approximately $3.8 million of default rate interest). Based on these financial assumptions, Citibank appears to be significantly over-secured, even if the entirety of its alleged claim is determined to be valid. Indeed, Citibank would appear to have an equity cushion approaching thirty (30%) percent on even the inflated disputed amount.

39.    On or about March 6, 2015, the matter of *Citibank, N.A. v. Bombshell Taxi, LLC, et al.*, Index No. 650691-2015, was filed in the Supreme Court of the State of New York, New

14

York County ("State Court"), by Citibank against various entities and Affiant, including the Debtors (collectively the "Defendants").  In sum and substance, because the Loans to eight (8) of the twenty-two (22) Debtors had matured on January 31, 2015 and could not be paid for the reasons previously set forth herein, Citibank used the maturity of those eight Loans to declare a default under the Loans to the other fourteen (14) Debtors even though those Loans were not in payment default and were not to mature until December 20, 2015.  In response to Citibank's complaint, Defendants have not only disputed the alleged defaults and the amounts claimed by Citibank, but also asserted twelve separate counterclaims against Citibank, including: (i) fraudulent inducement; (ii) fraud; (iii) negligence; (iv) tortious interference; (v) negligent misrepresentation; (vi) breach of fiduciary duty; (vii) unjust enrichment; (viii) breach of contract; (ix) recoupment; (x) breach of the covenant of good faith and fair dealing; (xi) declaratory judgment; and (xii) accounting.  Defendants' counterclaims in this action are based upon Citibank's intentional and/or negligent false promises, upon which Defendants relied, in order to entice Defendants to utilize Citibank's services, which included a unique solution for both Defendants' business-related banking and lending needs.  Debtors are seeking millions of dollars in damages against Citibank by way of their counterclaims.

40.    On or about May 19, 2015, without a trial on the merits of Citibank's claims and Defendants counterclaims, the State Court erroneously entered an order in favor of Citibank, inter alia: (i) directing that the Sheriff of any County of the State of New York seize the Debtors' 46 Medallions valued at approximately $43.7 million; and (ii) directing the Defendants to transfer the Medallions to Citibank (the "Pre-Judgment Seizure Order").  The Pre-Judgment Seizure Order permitted Citibank to immediately seize the Medallions on June 9, 2015.

15

41.     On June 10, 2015, Defendants initiated an appellate review of the Order Directing Pre-Judgment Seizure by the Appellate Division, First Department, arguing that the extraordinary relief of a pre-judgment seizure was improper and constituted reversible error because the trial court ignored the viable defenses and counterclaims that Defendants have asserted against Citibank which should have prevented entry of a pre-judgment seizure under applicable New York Law.

42.     Simultaneously, on June 10, 2015, the Defendants filed an Order to Show Cause, requesting that the court immediately set an amount of the undertaking (bond) that Defendants would be required to post so that Defendants could avail themselves of the stay of proceedings to enforce the Pre-Judgment Seizure Order pending an appeal.  Astonishingly, after hearing the arguments of counsel, the trial court precluded Defendants from availing themselves of a stay of the Pre-Judgment Seizure Order, pending appeal -- a right afforded under New York law to any party that seeks appellate review of a pre-judgment seizure involving personal property -- because, the State Court ruled that New York City taxi medallions are not "personal property."  Instead, the trial court, *sua sponte,* created a new category of property called "corporate property," previously unknown to New York statutory or common law and/or TLC Regulations (the "Preclusion Order").

43.     To avoid irreparable and irreversible harm and to enforce their right to a stay of proceedings, Defendants filed an emergency appeal with the Appellate Division, First Department, on June 15, 2015, requesting that the Appellate Division modify the trial court's Preclusion Order because it precluded the Defendants from availing themselves of their right to a stay based upon an egregious misapplication of established law.  Immediately recognizing the

trial court's error, the Appellate Division granted a temporary stay of proceedings, pending more detailed briefing by the parties.

44.    Ultimately, on July 14, 2015, after the parties submitted their respective briefs, the Appellate Division agreed with Defendants and granted their motion to stay proceedings to enforce the Pre-Judgment Seizure Order pending appeal, contingent upon Defendants filing of an undertaking with the Court and perfecting their appeal.

45.    Thereafter, the Appellate Court required the Defendants to post a $50,000,000 bond for the stay pending appeal even though the entire amount claimed by Citibank (which is disputed by Debtors) totals only approximately $34 million. In light of the foregoing, the Debtors were left with no choice but to file chapter 11 petitions in order to avail themselves of the protections provided to preserve an opportunity to reorganize their financial affairs.

### B.    Vehicles.

46.    The Debtors own each of the vehicles associated with each Medallion. The total value of the vehicles owned by the Debtors is approximately $ 572,100, which are not subject to any liens.

### C.    Tax Claims and Liens

47.    The Debtors have alleged tax obligations secured by tax liens totaling approximately $919,717.44 and have unsecured tax obligations of approximately $7,844.00. Some of these tax obligations are specific to the Medallion-based taxi industry, including New York City Taxicab and Hail Vehicle Trip Tax.

### D.    Office Leases

48.    The Debtors have offices at 313 10th Avenue, New York, New York 10001 (the "313 Property") and 330 Butler Street, Brooklyn, New York 11217 (the "Butler Property" and together with the 313 Property, the "Leased Properties").  The Debtors lease both of the Leased Properties.  The Butler Property is an 8,000 square foot garage and office space and is leased from Granite Realty LLC, a non-debtor affiliated entity owned by Affiant.  The 313 Property is leased by a non-debtor affiliated entity from Taso Tzezailidis at a monthly rent of $14,538.67.  Although not the tenants under the leases, the Debtors occupy the premises with the permission of the tenants.

### E.    The Debtors' Unsecured Liabilities

#### 1.    Personal Injury and Damage Claims

49.    In addition to the foregoing, there are personal injury and property damage claims against the Debtors, primarily comprised of obligations associated with and related to the operation of the Taxi Vehicles under the Medallions.  These claims are asserted directly against the particular Debtor that owns a particular Medallion. There are personal injury claims that have already been asserted as well as contingent claims related to accidents that occurred prepetition, but for which no formal claim has been asserted as of the Petition Date.

50.    The Debtors are self-insured; therefore, each Debtor is responsible for valid personal injury, property damage, and basic economic loss claims, as well as all investigation and litigation expenses associated therewith.   Ultimately, each of the Debtors is liable for payment of any judgments or settlements that result from the lawsuits and claims related to operations   pursuant   to   their   Medallions.    Each   Debtor   has   a   $30,000   self-insurance

18

retention/deductible.  After payment of the first $30,000 and after payment by the Debtor of any

sums in excess thereof, the Debtor's insurance reimburses the Debtor for the next $70,000.  After

the deductible and the insurance reimbursement of $70,000, the Debtor is liable and responsible

for the payment of all claims above that $100,000 limit.

51.    Many of the Debtors are parties to pending personal injury litigation matters, a

number of which are for alleged significant injuries.  Information regarding that litigation will be

set forth in the Debtors' bankruptcy schedules.  The only litigation that threatens the personal

property of the Debtors is the Citibank litigation discussed herein.

### 2.    Other Unsecured Claims

52.    Each of the Debtors also has outstanding vendor claims as set forth in the

Debtors' bankruptcy schedules.

### Attached Lists and Summaries

53.    Pursuant to Rule 1007-4 (v) of the local bankruptcy rules, annexed hereto as

**Exhibit "1"** is a consolidated list containing the names and addresses of the Debtors' top twenty

(20) unsecured creditors.

54.    Pursuant to Rule 1007-4(vi) of the local bankruptcy rules, annexed hereto as

**Exhibit "2"** is a consolidated list containing the names and addresses of the Debtors' top five (5)

secured creditors.

55.    Pursuant to Rule 1007-4(vii) of the local bankruptcy rules, annexed hereto as

**Exhibit "3"** is a consolidated summary of the Debtors' assets and liabilities.

56.    The Debtors will file all of their schedules of assets and liabilities and statement

of financial affairs as required by the Bankruptcy Rules.

IV.    **The Debtor's Post-Petition Operations**

57.    The Debtors intend to continue operating their businesses in the ordinary course.

58.    The Debtors intend to continue leasing their respective Medallions to the respective Management Companies in exchange for payments equal to the monthly Loan payments and timely management of the Debtors' expenses and liabilities, but by virtue of these proceedings now need to manage their own cash flow through debtor-in-possession bank accounts.

59.    Since most operating expenses are paid by the Management Companies, the Debtors each anticipate, at this time, that the only cash disbursements that will need to be made during the pendency of the cases will be for administrative expenses of the estates, including, without limitation, U.S. Trustee fees, compensation to the CRO, and estate professionals' fees, and the only cash receipts will be the monthly lease payment for the Medallions pending and subject to further order of the Court.

60.    As noted herein, the Debtors believe that they hold significant equity in the Medallions, and that equity provides adequate protection to Citibank.

V.    **Bankruptcy Reorganization Strategy**

61.    Through these proceedings, the Debtors believe that they will be able to (i) confirm of a plan of reorganization which will, among other things, restructure the Citibank Loans and $1.5 Million Loan to permit payment of the Citibank's allowed claim in deferred installment payments over time, while also providing for payment of allowed claims of other creditors, and/or (ii) complete a refinancing of the Debtors, as well as Affiant's non-Debtor

entities, pursuant to which the valid claims of Citibank will be satisfied and valid claims of other creditors will be paid.

62.     When Debtors received the default notices from Citibank and received the clear message that Citibank wanted out of any banking relationship, the Debtors began the process of looking for alternate financing.

63.     The Debtors' management initiated conversations with hedge funds and private placement companies to obtain alternate financing.  They requested certain information related to (i) certain taxi metadata, including, among others, number of rides, distance, average fare; (ii) historical information related to the industry; (iii) information regarding the impact of the introduction of Uber.

64.     Over the course of the last six (6) months the Debtors and affiliates have gathered this data, sent freedom of information law ("FOIL") requests to obtain some of that data, and also reached out to technology vendors to obtain other information about the metadata specific to the taxi fleet comprised of the Debtors and non- Debtor affiliates.

65.     Despite delays from the agencies tasked with our FOIL requests, the Debtors and affiliates have now gathered ninety (90%) percent of all of the information that potential lenders need to underwrite the financing needs.

66.     Furthermore, because we have most of the information requested by potential lending sources, within the last four weeks, an expert in the financial industry was hired to assist in obtaining the financing required to satisfy the valid claims of Citibank.

67.     At the present time, we have signed non-disclosure agreements with two potential lenders.  Additionally, management has had numerous meetings scheduled within the next three weeks to meet with potential lending sources.

68.    Reorganizing Debtors' business and/or refinancing is within close reach. However, without the breathing spell afforded by the bankruptcy process, the Debtors will be unable to reorganize or refinance and their businesses will be destroyed.

69.    The reorganization of the Debtors' businesses will not only benefit all of the Debtors' creditors and persons whose employment will be jeopardized if Citibank is permitted to seize and/or liquidate the Medallions, but will help prevent a catastrophic collapse of New York City's taxi industry and the loss of jobs caused thereby.

[SIGNATURE FOLLOWS ON NEXT PAGE]

**Hypnotic Taxi LLC, Vodka Taxi LLC, Pudding Taxi Inc., Chopard Taxi Inc., Iceberg Taxi Inc., Milkyway Cab Corp., VSOP Taxi Inc., Cupcake Taxi LLC, Dorit Transit Inc., Hennessey Taxi Inc., Candy Apple Taxi LLC, Stoli Taxi Inc., Pointer Taxi LLC, Palermo Taxi, Inc., Marseille Taxi LLC, Bombshell Taxi LLC, Merlot Taxi LLC, France Taxi LLC, Bourbon Taxi LLC, Chianti Taxi, LLC, Pinot Noir Taxi LLC, and Butterfly Taxi LLC**

By:    ___*/s/ Evgeny Freidman*_____

       Evgeny Freidman

       Managing Member or President and Sole Shareholder

Sworn to before me this
21st day of July, 2015

*/s/ Maeghan Joan McLoughlin*_____
Notary Public

Notary Public, State of New York
No. 02MC6264826
Qualified in Orange County
Commission Expires July 2, 2016

23

## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br>    HYPNOTIC TAXI LLC,<br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>    VODKA TAXI LLC,<br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>    PUDDING TAXI INC.,<br><br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>    CHOPARD TAXI INC.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>    ICEBERG TAXI INC.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>    MILKYWAY CAB CORP.,<br><br>           Debtor. | Chapter 11<br><br>Case No. 15- |

| | |
|---|---|
| In re | Chapter 11 |
| VSOP TAXI INC., | Case No. 15- |
| Debtor. | |
| In re | Chapter 11 |
| CUPCAKE TAXI LLC, | Case No. 15- |
| Debtor. | |
| In re | Chapter 11 |
| DORIT TRANSIT INC., | Case No. 15- |
| Debtor. | |
| In re | Chapter 11 |
| HENNESSEY TAXI INC., | Case No. 15- |
| Debtor. | |
| In re | Chapter 11 |
| CANDY APPLE TAXI LLC, | Case No. 15- |
| Debtor. | |
| In re | Chapter 11 |
| STOLI TAXI INC., | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re<br><br>POINTER TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>PALERMO TAXI, INC.,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>MARSEILLE TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>BOMBSHELL TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>MERLOT TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>FRANCE TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>BOURBON TAXI LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 15- |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
 HYPNOTIC TAXI, LLC,                        :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
BOMBSHELL TAXI LLC,                             :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
BOURBON TAXI, LLC,,                             :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
BUTTERFLY TAXI LLC,                             :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
CANDY APPLE TAXI LLC,                           :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
CHIANTI TAXI, LLC,                              :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

In re                                           :                Chapter 11
                                                :
CHOPARD TAXI INC.,                              :                Case No. 15-_____ (____)
                                                :
                Debtor.    :
-------------------------------------------------------x

```
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
CUPCAKE TAXI LLC,                       :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
DORIT TRANSIT INC.,                     :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
FRANCE TAXI LLC,                        :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
HENNESSEY TAXI INC.,                    :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
ICEBERG TAXI INC.,                      :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
---------------------------------------------------     :            Chapter 11
In re                                   :
                                        :
MARSEILLE TAXI LLC,                     :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
In re                                   :            Chapter 11
                                        :
MERLOT TAXI LLC,                        :            Case No. 15-_____ (____)
                                        :
                    Debtor.             :
-------------------------------------------------------x
```

```
------------------------------------------ :          Chapter 11
In re                                      :
                                           :
MILKYWAY CAP CORP,                         :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
In re                                      :          Chapter 11
                                           :
PALERMO TAXI INC,                          :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
In re                                      :          Chapter 11
                                           :
PINOT NOIR TAXI LLC,                       :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
In re                                      :          Chapter 11
                                           :
POINTER TAXI LLC,                          :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
In re                                      :          Chapter 11
                                           :
PUDDING TAXI INC.,                         :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
------------------------------------------ :          Chapter 11
In re                                      :
                                           :
STOLI TAXI LLC,                            :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
In re                                      :          Chapter 11
                                           :
VODKA TAXI LLC,                            :          Case No. 15-_____ (____)
                                           :
                    Debtor.                :
-------------------------------------------x
```

```
------------------------------------------------------ :        Chapter 11
In re                                                  :
                                                       :
VSOP TAXI INC.,                                        :        Case No. 15-_____ (____)
                                                       :
                        Debtor.                        :
------------------------------------------------------x
```

## CONSOLIDATED LIST OF CREDITORS HOLDING
## <u>20 LARGEST UNSECURED CLAIMS</u>

Following is a consolidated list of creditors holding the 20 largest unsecured claims against the above-captioned debtors and debtors-in-possession.

The list was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case. The list does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (ii) any secured creditor among the holders of the 20 largest unsecured claims.

The list was prepared with information existing as of approximately July 20, 2015. The Debtor reserves its right to amend the list based on information obtained subsequent to that date.

The information contained in the list shall not constitute an admission by, nor shall it be binding upon the Debtor.

| | Name of creditor and complete mailing address including zip code | Name, telephone number, fax number, and complete mailing address including zip code of employee, agent or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured state value of security) |
|---|---|---|---|---|---|
| 1 | Josette Marie Tenas-Reynard 4 Rue Perrault 7500 PARIS FRANCE | Josette Marie Tenas-Reynard 4 Rue Perrault 7500 PARIS FRANCE | Personal Injury Claim | Contingent Unliquidated Disputed | $ 1,000,000.00 |
| 2 | Juan Abreau 765 FDR Drive New York, NY 10009 | Juan Abreau c/o Harold Chetrick, Esq. 60 East 42nd Street, Suite 445 New York, NY 10017 | Personal Injury Claim | Contingent Unliquidated Disputed | Unknown* |
| 3 | Shelly King 721 White Plains Road, Apt 6H Bronx, NY 10473 | Shelly King c/o Dinkes & Schwitzer, P.C. 112 Madison Avenue New Yrok, NY 10016 Attn: Marc R. Mauser, Esq. | Personal Injury Claim | Contingent Unliquidated Disputed | Unknown* |
| 4 | Peri Edelstein 10 West 15th Street New York, NY | Peri Edelstein c/o Daniel Crupain, Esq. 225 Broadway, Suite 2700 New York, NY 10007 | Personal Injury Claim | Contingent Unliquidated Disputed | Unknown* |

| 5 | Edward Landreth<br>117 Perry Street, Apt. #16<br>New York, NY 10014 | Edward Landreth<br>c/o Lawrence S. Hyman, Esq.<br>125-10 Queens Blvd.<br>Kew Gardens, NY 11415 | Personal Injury<br>Claim | Contingent<br>Unliquidated<br>Disputed | Unknown* |
|---|---|---|---|---|---|
| 6 | Steve Stankovski<br>18 Cliffview Drive<br>Rochester, NY 14625 | Steve Stankoviski<br>c/o Cellino and Barnes<br>16 West Main Street, 6th Fl.<br>Rochester, NY 14614 | Personal Injury<br>Claim | Contingent<br>Unliquidated<br>Disputed | Unknown* |
| 7 | Martha Torres<br>2824 University Ave., Apt. 1B<br>Bronx, NY 10468 | Martha Torres<br>c/o Harmon & Linder<br>42 Broadway<br>New York, NY 10004 | Personal Injury<br>Claim | Contingent<br>Unliquidated<br>Disputed | Unknown* |
| 8 | American Transit Inc. Co.<br>330 W. 34th St.<br>7th FL<br>New York, NY 10001 | American Transit Inc. Co.<br>330 W. 34th St.<br>7th FL<br>New York, NY 10001 | Subrogee-<br>Kelvin Estevez | Disputed | 55,000.00 |
| 9 | Hereford Insurance<br>360143rd Ave.<br>Long Island City, NY 11101 | Hereford Insurance<br>360143rd Ave.<br>Long Island City, NY 11101 | Dream Boat<br>Cab. Corp.-<br>insured | Contingent<br>Unliquidated<br>Disputed | 25,545.53 |
| 10 | Jeremy Joseph<br>c/o 1673 President Street M<br>Brooklyn, NY 11213 | Jeremy Joseph<br>Scott Inwald, Esq.<br>315 Park Place, Brooklyn, NY 11238 | Personal Injury | Contingent<br>Unliquidated<br>Disputed | 25,000.00 |
| 11 | USAA Casualty<br>c/o Wenig & Wenig LLC<br>150 Broadway, Ste 911<br>New York, NY 10038 | USAA Casualty<br>c/o Wenig & Wenig LLC<br>150 Broadway, Ste 911<br>New York, NY 10038 | Outstanding<br>Claim | Disputed | 15,860.50 |
| 12 | MCI Taxi<br>c/o Law Offices of Anatta<br>Levinsky P.C.<br>6924 Bay Parkway<br>New York, NY 11204 | MCI Taxi Inc.<br>c/o Law Offices of Anatta<br>Levinsky P.C.<br>6924 Bay Parkway<br>New York, NY 11204 | Claim | Contingent<br>Unliquidated<br>Disputed | 10,000.00 |
| 13 | O Halkidikiotis Taxi<br>33-21 21st Atreet<br>Long Island City, NY 11106 | O Halkidikiotis Taxi<br>c/o Law Offices of Norman<br>Rubin<br>3441 Broadway<br>New York, NY 10031-5629 | Claim | Contingent<br>Unliquidated<br>Disputed | $9,139.69 |
| 14 | Gregory S. Root<br>380 Lexington Ave.<br>Suite 1700<br>New York, NY 10168 | Gregory S. Root<br>380 Lexington Ave.<br>Suite 1700<br>New York, NY 10168 | Service<br>provider for BI<br>claim | | 8,425.25 |
| 15 | Hudson Insurance Co.<br>Jaffe & Koumourdas LLP<br>40 Wall St.<br>12th FL<br>New York, NY 10005 | Hudson Insurance Co.<br>Jaffe & Koumourdas LLP<br>40 Wall St.<br>12th FL<br>New York, NY 10005 | Heng S. Li –<br>insured | Disputed | 8,245.25 |
| 16 | NPR Medical Care<br>199 Water St.<br>27th FL<br>New York, NY 10038 | NPR Medical Care<br>199 Water St.<br>27th FL<br>New York, NY 10038 | Service<br>provider for BI<br>claim | | 5,200.00 |
| 17 | High Point Safety Ins. Co.<br>POB 920<br>Lincroft, NJ 07738 | High Point Safety Ins. Co.<br>POB 920<br>Lincroft, NJ 07738 | Subrogee of<br>Edward<br>O'Connor | Disputed | 5,160.54 |

| 18 | AAA Insurance a/s/o Angelo Santamaria Law Office of Brian J. Ferber INc. 5611 Fallbrook Ave. Woodland Hills, CA 91367 | AAA Insurance a/s/o Angelo Santamaria Law Office of Brian J. Ferber INc. 5611 Fallbrook Ave. Woodland Hills, CA 91367 | Claim | Disputed | 4,319.49 |
| 19 | Unity Fuels LLC 225 Industrial Ave. Ridgefield Park, NJ 07660 | Unity Fuels LLC 225 Industrial Ave. Ridgefield Park, NJ 07660 | PI Claim | Contingent Unliquidated Disputed | 3,929.13 |
| 20 | Elrac, LLC a/k/a Enterprise Rent A Car 600 Corporate Park Dr. Saint Louis, MO 63105 | Elrac, LLC a/k/a Enterprise Rent A Car 600 Corporate Park Dr. Saint Louis, MO 63105 | Motor Vehicle Complaint | Disputed | 3,477.26 |

*  All claimants listed as personal injury and in the amount "unknown" have been listed because their claims, while not reduced to judgment or amount, allege substantial injuries and damages.

THE DEBTORS RESERVE THEIR RIGHT TO SUPPLEMENT THIS LIST TO INCLUDE OBLIGATIONS THAT MAY HAVE ACCRUED PRIOR TO THE COMMENCEMENT DATE BUT WERE NOT DUE AND PAYABLE, TO THE EXTENT THAT ANY SUCH OBLIGATIONS ARE NOT AUTHORIZED TO BE PAID BY ORDER OF THE COURT

[SIGNATURE FOLLOWS ON NEXT PAGE]

DECLARATION UNDER PENALTY OF PERJURY

      I, the sole and Managing Member of the limited liability corporate debtors and debtors in possession or president and sole shareholder of the corporate debtors and debtors in possession set forth above, each of which has filed a voluntary Chapter 11 petition on July 21, 2015, declare under penalty of perjury that I have read the foregoing "Consolidated List of Creditors Holding 30 Largest Unsecured Claims" and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers and employees.

Dated:  New York, New York       **Hypnotic Taxi LLC, Vodka Taxi LLC, Pudding**
        July 21, 2015            **Taxi Inc., Chopard Taxi Inc., Iceberg Taxi Inc.,**
                                   **Milkyway Cab Corp., VSOP Taxi Inc., Cupcake**
                                   **Taxi LLC, Dorit Transit Inc., Hennessey Taxi**
                                   **Inc., Candy Apple Taxi LLC, Stoli Taxi Inc.,**
                                   **Pointer Taxi LLC, Palermo Taxi, Inc., Marseille**
                                   **Taxi LLC, Bombshell Taxi LLC, Merlot Taxi**
                                   **LLC, France Taxi LLC, Bourbon Taxi LLC,**
                                   **Chianti Taxi, LLC, Pinot Noir Taxi LLC, and**
                                   **Butterfly Taxi LLC**

                           By:   _/s/ **Evgeny Freidman**_____
                                 Evgeny Freidman,
                                 Managing Member or President and Sole
                                 Shareholder of Each Debtor

**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　HYPNOTIC TAXI LLC,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>　　VODKA TAXI LLC,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>　　PUDDING TAXI INC.,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>　　CHOPARD TAXI INC.,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>　　ICEBERG TAXI INC.,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>　　MILKYWAY CAB CORP.,<br><br>　　　　　　Debtor. | Chapter 11<br><br>Case No. 15- |

| | |
|---|---|
| In re | Chapter 11 |
| VSOP TAXI INC., | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re | Chapter 11 |
| CUPCAKE TAXI LLC, | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re | Chapter 11 |
| DORIT TRANSIT INC., | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re | Chapter 11 |
| HENNESSEY TAXI INC., | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re | Chapter 11 |
| CANDY APPLE TAXI LLC, | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re | Chapter 11 |
| STOLI TAXI INC., | Case No. 15- |
| Debtor. | |

| | |
|---|---|
| In re<br><br>POINTER TAXI LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>PALERMO TAXI, INC.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>MARSEILLE TAXI LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>BOMBSHELL TAXI LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>MERLOT TAXI LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>FRANCE TAXI LLC,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 15- |

| In re<br><br>BOURBON TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>CHIANTI TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>PINOT NOIR TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>BUTTERFLY TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |

## <u>CONSOLIDATED LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS</u>

Following is a consolidated list of creditors holding the 5 largest secured claims against t the above-captioned debtors and debtors-in-possession.

The list was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case. The list does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The list was prepared with information existing as of approximately May 29, 2015. The Debtor reserves its right to amend the list based on information obtained subsequent to that date.

The information contained in the list shall not constitute an admission by, nor shall it be binding upon the Debtor.

| Name of creditor and complete mailing address including zip | Name, telephone number, fax number, and complete | Nature of claim (trade | Indicate if claim is | Amount of claim (if |

| | code | mailing address including zip code of employee, agent or department of creditor familiar with claim who may be contacted | debt, bank loan, government contract) | contingent, unliquidated, disputed or subject to setoff | secured state value of security) |
|---|---|---|---|---|---|
| 1 | Citibank, N.A.<br>c/o Citibank Middle Market Grp<br>One Court Sq. – 14th Floor<br>Long Island City, NY 11120 | | Note and Loan, dated January 31, 2012 | Disputed | $32,000,000.00<br><br>Value of Security: $43,700,000.00 |
| 2 | Citibank, N.A.<br>c/o Citibank Middle Market Grp<br>One Court Sq. – 42nd Floor<br>Long Island City, NY 11120 | | Guaranty of $1.5 Million Revolving Credit Note of Taxi Club Management (joint and several with 22 other Citibank borrowers in addition to primary obligor, Taxi Club Management | Disputed | $1,637,939.27<br><br>Value of Security: $43,700,000.00 |
| 3 | NY State Department of Tax<br>Bankruptcy Section<br>P.O. Box 5300<br>Brooklyn, NY 11205-0300 | | Tax Lien | Disputed | 915,677.01<br><br>Value of Security: $43,700,000.00 |
| 4 | NYC Department of Finance<br>345 Adams Street, 10th Floor<br>Attn: Bankruptcy Unit<br>Brooklyn, NY 11201 | | Tax Lien | Disputed | 4,040.43<br><br>Value of Security: $43,700,000.00 |
| 5 | | | | | |

THE DEBTOR RESERVES ITS RIGHTS TO SUPPLEMENT THIS LIST TO INCLUDE OBLIGATIONS THAT MAY HAVE ACCRUED PRIOR TO THE COMMENCEMENT DATE BUT WERE NOT DUE AND PAYABLE, TO THE EXTENT THAT ANY SUCH OBLIGATIONS ARE NOT AUTHORIZED TO BE PAID BY ORDER OF THE COURT

[SIGNATURE FOLLOWS ON NEXT PAGE]

DECLARATION UNDER PENALTY OF PERJURY

I, the sole and Managing Member of the limited liability corporate debtors and debtors in possession or president and sole shareholder of the corporate debtors and debtors in possession set forth above, each of which has filed a voluntary Chapter 11 petition on July 21, 2015, declare under penalty of perjury that I have read the foregoing "Consolidated List of Creditors Holding 5 Largest Secured Claims" and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers and employees.

Dated:   New York, New York         **Hypnotic Taxi LLC, Vodka Taxi LLC, Pudding**
        July 21, 2015              **Taxi Inc., Chopard Taxi Inc., Iceberg Taxi Inc.,**
                                      **Milkyway Cab Corp., VSOP Taxi Inc., Cupcake**
                                      **Taxi LLC, Dorit Transit Inc., Hennessey Taxi**
                                      **Inc., Candy Apple Taxi LLC, Stoli Taxi Inc.,**
                                      **Pointer Taxi LLC, Palermo Taxi, Inc., Marseille**
                                      **Taxi LLC, Bombshell Taxi LLC, Merlot Taxi**
                                      **LLC, France Taxi LLC, Bourbon Taxi LLC,**
                                      **Chianti Taxi, LLC, Pinot Noir Taxi LLC, and**
                                      **Butterfly Taxi LLC**

By:   ***/s/ Evgeny Freidman***
             Evgeny Freidman,
             Managing Member or President and Sole
             Shareholder

**Exhibit 3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>HYPNOTIC TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>VODKA TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>PUDDING TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>CHOPARD TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>ICEBERG TAXI INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>MILKYWAY CAB CORP.,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |

| | |
|---|---|
| In re<br><br>VSOP TAXI INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>CUPCAKE TAXI LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>DORIT TRANSIT INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>HENNESSEY TAXI INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>CANDY APPLE TAXI LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>STOLI TAXI INC.,<br><br>        Debtor. | Chapter 11<br><br>Case No. 15- |

| | |
|---|---|
| In re <br><br> POINTER TAXI LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |
| In re <br><br> PALERMO TAXI, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |
| In re <br><br> MARSEILLE TAXI LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |
| In re <br><br> BOMBSHELL TAXI LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |
| In re <br><br> MERLOT TAXI LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |
| In re <br><br> FRANCE TAXI LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 15- |

| | |
|---|---|
| In re<br><br>BOURBON TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>CHIANTI TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>PINOT NOIR TAXI LLC,<br><br><br>Debtor. | Chapter 11<br><br>Case No. 15- |
| In re<br><br>BUTTERFLY TAXI LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 15- |

## CONSOLIDATED SUMMARY OF DEBTORS ASSETS AND LIABILITIES
### *(Unaudited)*

**Assets:**

| | |
|---|---|
| Taxi Medallions (46) | $43,700,000.00 |
| Vehicles (46) | $ 572,100.00 |
| Insider Affiliate Receivable (per tax returns/books) | $11,659,797.58 |

**Liabilities:**

| | |
|---|---|
| Citibank, N.A. (Contingent, Unliquidated and Disputed) | $32,000,000.00 |
| Citibank, N.A. (Contingent, Unliquidated and Disputed | $ 1,637,939.27 |
| New York State and New York City Tax Liens | $ 919,717.44 |
| Unsecured Tax Claims of City of New York | $ 7,844.00 |

| | | |
|---|---|---|
| Accounts Payable (vendor and non-tax judgments) | $ | 76,784.37 |
| Personal Injury and   Related Claims – | | |
| (Contingent, Unliquidated, Disputed) | $ | Undetermined |